IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Virgo Devon,<br>                    Petitioner,<br>vs.<br>Matthew B. Hamidullah,<br>                    Respondent. | Civil Action No. 8:05-1960<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2241. On October 12, 2005, the respondent filed a motion for summary judgment. On October 12, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the petitioner advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The petitioner filed a response to the motion on November 14, 2005.

        In his petition, the petitioner seeks the full restoration of 40 days good time credit which was taken from him pursuant to an incident at McRae Correctional Institution (MCI) in Georgia, where he was previously housed. He asserts that the disciplinary actions taken at MCI violated his due process because the hearings and appeals were not conducted in a timely manner. The only relief he seeks is return of his good time credit.

        On February 8, 2006, a Notice of Privacy Rights was sent by this court to the petitioner at his last known address, Estill -FCI. The notice was returned as "Undeliverable - Released."[1] The record reveals that the petitioner was advised by order dated July 25,

---

[1] According to an exhibit submitted by the respondent with his memorandum, the petitioner's anticipated release date was January 20, 2006, via Good Conduct Time release. Additionally, there was a detainer from Immigration and Naturalization for deportation to Jamaica upon his release. (resp. memo. in

2005, of his responsibility to notify the court *in writing* if his address changed. The petitioner has obviously failed to do so. Moreover, because the only relief sought by the petitioner is the return of his good time credit, now that he has been released from prison, the matter is moot. *See Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-247 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, 1994 WL 470568, *3 (D.N.H. September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. New Hampshire Dept. of Education*, 878 F.Supp 318 (1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980).

Based on the foregoing, it appears the petitioner no longer wishes to pursue this action. Additionally, because the petitioner is no longer incarcerated, the matter is moot. Accordingly, it is recommended that this action be dismissed.[2]

s/ Bruce H. Hendricks
United States Magistrate Judge

May 25, 2006
Greenville, South Carolina

---

support of s.j., Ex. 1).

[2] The petitioner's motion for Restoration of 40 Day Good Time Credits, filed September 6, 2005, which requested the same relief as his initial petition, is also rendered moot by his release.